Matter of Sommers (2023 NY Slip Op 01094)

Matter of Sommers

2023 NY Slip Op 01094

Decided on March 1, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
REINALDO E. RIVERA, JJ.

2021-00452

[*1]In the Matter of John Gerard Sommers, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; John Gerard Sommers, respondent. (Attorney Registration No. 2392967)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District pursuant to 22 NYCRR 1240.8 against the respondent by the service and filing of a notice of petition and a verified petition, both dated January 15, 2021. The respondent served and filed a verified answer dated February 8, 2021. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 27, 1991.

Catherine A. Sheridan, Hauppauge, NY (Stacey J. Sharpelletti of counsel), for petitioner.
John Gerard Sommers, Smithtown, NY, respondent pro se.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated January 15, 2021, containing 13 charges of professional misconduct. The respondent served and filed a verified answer dated February 8, 2021, in which he admitted to all of the charges. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated March 3, 2021, which was not challenged by the respondent. As neither the Grievance Committee nor the respondent requested a hearing before a special referee, by decision and order on motion of this Court dated April 20, 2021, the parties were directed to file a written statement with the Court addressing (1) whether the charges should be sustained, (2) any mitigating or aggravating circumstances in the case which the Court should consider, including the respondent's prior disciplinary history, and (3) the appropriate discipline to be imposed based on relevant case law or other criteria. Subsequently, the Grievance Committee filed papers addressing these issues, and the respondent submitted a statement addressing the mitigation the Court should consider.
The Petition 
Charge 1 alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of rule 8.4(c) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The respondent was employed by the Law Offices of Jack S. Beige & Associates (hereinafter the firm) from approximately 1999 until February 2018. On or about May 3, 2007, Kathy Holmes retained the firm to represent her in connection with injuries that she sustained in a [*2]motor vehicle accident that occurred in Florida on March 20, 2007. The respondent was primarily responsible for Holmes's personal injury matter. On March 19, 2010, the respondent commenced an action in the Supreme Court, Suffolk County, on behalf of Holmes, against three defendants, Theresa King, Steven King, and Ashley Wagner. Each defendant was a Florida resident. The respondent failed to effect service of the summons and complaint on Wagner.
On or about October 8, 2010, Theresa King and Steven King moved to dismiss the complaint insofar as asserted against them, contending lack of personal and subject matter jurisdiction. On or about December 3, 2010, the respondent entered into a stipulation discontinuing the action against these two defendants, and they withdrew their motion to dismiss.
On or about March 22, 2011, the respondent commenced an action in the Florida Circuit Court on Holmes's behalf in connection with the accident, against the same three defendants. By order dated May 17, 2017, the Florida court dismissed the action, stating that the respondent was not authorized to practice law in the State of Florida and that there had been no activity in the case for more than six years. The respondent failed to inform Holmes that the New York action had been discontinued pursuant to a stipulation and the Florida action had been dismissed.
On or about December 5, 2017, the respondent issued a check, numbered 6738, for $70,000 from his personal funds, which was deposited into the firm's attorney trust account. In late 2017 or early 2018, the respondent obtained Holmes's consent to purportedly settle her personal injury case for $15,000. Thereafter, on or about January 10, 2018, at the respondent's direction, the firm issued a check, numbered 2509, to Holmes for $8,991.36 from its attorney trust account. Included with the check was a cover letter dated January 10, 2018, and a "Settlement Statement" indicating that the check represented the final amount due to Holmes from the settlement amount of $15,000. The check numbered 2509 was paid against the respondent's personal funds which had been deposited for this purpose. The respondent did not inform Holmes that the funds for the check numbered 2509 came from his personal funds.
Based on the foregoing factual allegations concerning the Holmes matter, charges 2 through 6 allege that the respondent failed to provide competent representation to his client; failed to keep his client reasonably informed about the status of her matter; failed to promptly inform his client of material developments in her matter; engaged in conduct that is prejudicial to the administration of justice; and engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rules 1.1(a), 1.4(a)(3) and (1)(iii), and 8.4(d) and (h) of the Rules of Professional Conduct, respectively.
Charge 7 alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of rule 8.4(c) of the Rules of Professional Conduct, based on the following facts.
On or about May 28, 2008, Shirley Espinoza retained the firm to represent her in connection with injuries that she sustained in a motor vehicle accident that occurred in California on May 5, 2008. The respondent was primarily responsible for Espinoza's personal injury matter.
On May 5, 2010, on Espinoza's behalf, the respondent commenced an action in the Supreme Court, Suffolk County, against two defendants, Jesus Martinez and Mary Gallagher, both California residents, in connection with Espinoza's accident.
On or about July 30, 2010, Martinez moved to dismiss the complaint insofar as asserted against him based on lack of subject matter and in personam jurisdiction.
On or about September 16, 2010, the respondent entered into a stipulation of discontinuance as to Martinez, and the motion was withdrawn. As of September 16, 2010, the respondent knew that the New York courts did not have jurisdiction over the claim or the defendants in Espinoza's personal injury action.
On or about September 9, 2015, the respondent filed a motion for leave to enter a default judgment against Gallagher, the remaining defendant. By order dated December 11, 2015, the Supreme Court denied the motion, determining that New York courts lacked a jurisdictional basis for the action since Gallagher was domiciled in California and the alleged tortious act occurred there as well.
The respondent failed to inform Espinoza that the action had been dismissed, but, in or about late 2017, he obtained her consent to purportedly settle her case for $50,000. On or about December 22, 2017, at the respondent's direction, the firm issued a check, numbered 2499, to Espinoza for $32,747.51 from the firm's attorney trust account. Like the check in the Holmes matter, this check was paid against the respondent's personal funds, paid to the firm by the check [*3]numbered 6738. Included with the check numbered 2499 to Espinoza was a cover letter dated December 22, 2017, and a "Settlement Statement" indicating that the check represented the final amount due to Espinoza from a settlement amount of $50,000. The respondent did not inform Espinoza that the funds for the check numbered 2499 came from his personal funds.
Based on the foregoing factual allegations asserted in charge 7, charges 8 through 13 allege that the respondent failed to provide competent representation of his client; failed to act with reasonable diligence and promptness in representing his client; failed to keep his client reasonably informed about the status of her matter; failed to promptly inform his client of material developments in her matter; engaged in conduct that is prejudicial to the administration of justice; and engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rules 1.1(a), 1.3(a), 1.4(a)(3) and (1)(iii), and 8.4(d) and (h) of the Rules of Professional Conduct, respectively.
Findings and Conclusion 
In view of the respondent's admissions and the parties' submissions in response to this Court's decision and order on motion dated April 20, 2021, we conclude that all 13 charges of professional misconduct should be sustained.
In determining an appropriate sanction to impose, the Court has considered the respondent's expressed remorse. However, the Court has also considered the respondent's past disciplinary record, which reveals that Holmes filed a total of three grievance complaints against the respondent. Holmes's initial complaint alleged that the respondent failed to communicate with her. The Grievance Committee dismissed that complaint by letter dated June 27, 2014, and advised the respondent to timely respond to a client's reasonable inquiries, even when there is nothing to report. In or about March 2016, Holmes filed another complaint against the respondent, alleging his failure to communicate with her and noting the length of time it was taking to resolve the matter, which resulted in an admonition imposed on the respondent on or about May 31, 2017. Notwithstanding these complaints, the respondent took no meaningful steps to rectify his inaction in Holmes's Florida case, resulting in its dismissal on May 17, 2017. The respondent failed to disclose that Holmes's New York case had already been discontinued and then attempted to further conceal his misconduct by fabricating a settlement. He attempted the same in the Espinoza case by fabricating a settlement. The respondent was also previously cautioned by the Grievance Committee to communicate promptly with clients regarding their requests for status updates and to implement an office system to monitor pending motions and court deadlines.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of two years.
LASALLE, P.J., DILLON, DUFFY, BARROS, and RIVERA, JJ., concur.
ORDERED that the charges as alleged in the verified petition dated January 15, 2021, are sustained; and it is further,
ORDERED that the respondent, John Gerard Sommers, is suspended from the practice of law for a period of two years, commencing March 31, 2023, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 1, 2024. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, John Gerard Sommers, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, John Gerard Sommers, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court